You have asked for our opinion whether a State's Attorney or other State agency may charge the Office of the Public Defender "processing" or other fees for producing discovery in cases involving indigent defendants.
In our opinion, a State's Attorney or other State agency may not charge a criminal defendant for the cost of providing access to, or copies of, written discovery provided pursuant to the Maryland Rules. An agency may charge for copying discovery materials as an accommodation to a defendant when the rules do not require that the party making discovery provide a copy. In addition, an agency may charge for providing materials outside the discovery process pursuant to the Public Information Act.
To the extent that a State's Attorney or other State agency may charge fees, the Office of the Public Defender is not necessarily entitled to a waiver of those fees. It is true that the State has a constitutional obligation to cover the reasonable expenses associated with the defense of an indigent person — such as a client of the Public Defender. However, that obligation, like the obligation to provide counsel for such defendants, may be satisfied through the payment of those costs from the resources of the Office of the Public Defender, which is itself a State entity.[1] *Page 139 
 I Background
A. Office of the Public Defender
The Office of the Public Defender ("Public Defender") is an independent State agency charged with carrying out the State's constitutional obligation to provide legal counsel to indigent defendants in criminal cases and juvenile proceedings. See Annotated Code of Maryland, Criminal Procedure Article ("CP"), § 16-201 etseq.[2] The Public Defender also represents indigent individuals in certain other proceedings specified by statute. CP § 16-204(b).[3]
Funds are to be appropriated in the State budget to pay the expenses of the Public Defender. CP § 16-402; see, e.g., Chapter 335, Laws of Maryland 2008 at p. 2843 (Item C8B00.01-.05).
In providing legal services to indigent individuals, the Public Defender relies not only on its own staff, but also on "panel attorneys." Panel attorneys are private attorneys who meet certain criteria established by the Public Defender to be eligible to be appointed by a court to represent an indigent individual; the fees and expenses of panel attorneys are paid from the Public Defender budget according to schedules developed by the Public Defender. CP §§ 16-207(b)(2), 16-208. Finally, the Public Defender may refer *Page 140 
cases to private counsel who have volunteered to provide services ona pro bono basis. See 91 Opinions of the Attorney General 201, 202-3 (2006).
B. Discovery in Criminal Cases
The criminal discovery rules require certain pretrial disclosures by both the prosecution and the defense in a criminal case. See Maryland Rules 4-262, 4-263.[4] The discovery obligations imposed by those rules apply to material in the possession of the prosecutor, the members of the prosecutor's staff, and "any other person who either reports regularly to the attorney's office or has reported to the attorney's office in regard to the particular case." Rule 4-262(c)(2); Rule 4-263(c)(2); see also State v. Williams, 392 Md. 194, 208, 896 A.2d 973
(2006). If a defendant wishes to obtain material for use in a criminal trial from an individual or entity that is not within that category, the defendant may obtain compulsory process from the court in the form of a subpoena. Rules 4-264, 4-265.
For a criminal case brought in circuit court, the prosecution must provide a defendant, without need for a request from the defendant, the following discovery: all written and oral statements of the defendant and any co-defendants that relate to the charges; the criminal record of the defendant and any co-defendants; certain information about witnesses the prosecution intends to call together with all written statements of those witnesses that relate to the charges[5]; any evidence of other crimes or wrongs committed by the defendant that the prosecution intends to introduce into evidence; any exculpatory information; any material that tends to impeach a prosecution witness; all relevant material and information concerning searches and seizures, eavesdropping, and electronic surveillance; information about, and reports by, expert witnesses; evidence that the prosecutor intends to use at trial; and any items in *Page 141 
the possession of the prosecution that were obtained from or belong to the defendant, whether or not they will be used at trial. Rule 4-263(d). In certain respects, the rule reflects the constitutional obligations of a prosecutor. See Giglio v. United States, 405 U.S. 150 (1972) (prosecution's failure to disclose information relating to credibility of witness violated due process); Brady v. Maryland, 373 U.S. 83 (1963) (prosecution suppression of exculpatory evidence violated due process).
As is evident, the rule requires that a prosecutor make some judgments about whether an investigative report or a particular piece of evidence is "exculpatory" or would be useful for impeachment. In practice, some prosecutors, perhaps to avoid reversal of a conviction as a result of making too fine a distinction on those points, volunteer "open file" discovery. That is, they make available all of the evidentiary materials and investigative reports in their files related to a particular case, regardless of whether production of the material would be required by the discovery rules.
A defendant is required to make certain reciprocal disclosures. Rule 4-263(e). The rule sets a time line for each side to make the required disclosures and imposes a continuing duty to supplement those disclosures. Rule 4-263(h), (j).[6] In the absence of an agreement between the parties concerning the discovery process, [7] each party is to provide the other with copies of all written discovery material, "together with a list of discovery materials in other forms and a statement of the time and place when these materials may be inspected, copied, and photographed. . . . On request, the party generating the discovery material shall make the original available for inspection and copying by the other party." Rule 4-263(k)(2).
Similar, but more abbreviated, discovery obligations are imposed on the parties in a criminal case in the District Court. Rule 4-262. In some instances, the rule requires the prosecution to provide materials to the defense, see, e.g. Rule 4-262(d)(1) *Page 142 
(exculpatory material); in other instances, the prosecution need only provide the defense with the "opportunity to inspect, copy, and photograph" specified material, see, e.g., Rule 4-262(d)(2)(F) (property of the defendant).
Neither rule authorizes either party to charge the other for the provision of discovery. Nor does any statute or other enactment of the General Assembly address the assessment of fees in connection with discovery in a criminal case.
C. Fees Charged to the Public Defender
You have advised that some agencies charge the Public Defender for copies of written investigative reports, for electronic copies of CDs and DVDs, and for copies of other tangible records such as photographs. You state that some jurisdictions charge the Public Defender a "processing fee" in some cases for reviewing a file. You state that these charges accumulate to a substantial sum. You provided us with copies of invoices directed to the Public Defender by various State's Attorney's offices.
 II Analysis
We discuss first the authority of a prosecutor or other agency to assess a fee for providing access to discovery in a criminal case. Second, to the extent that fees may be charged, we examine whether the Public Defender is entitled to special consideration.
A. Whether An Agency May Charge a Fee 1. Constitutional Limitation
The State Constitution places a basic limitation on the authority of an agency to charge a fee. It provides that "[n]o aid, charge, tax, burthen or fees ought to be rated or levied, under any pretense, without the consent of the Legislature." Maryland Constitution, Declaration of Rights, Article 14.[8] As is evident from the language *Page 143 
of this provision, it encompasses a wide variety of payments to government agencies. Benson v. State, 389 Md. 615, 635, 887 A.2d 525
(2005). "The plain meaning of the pertinent language therefore is that payments imposed by the State should not be allotted, valued, imposed, or collected without the authorization or approval of the Legislature."Id. at 638. However, there is no requirement that the General Assembly itself set the amount of a particular charge; it may assent to fees set by an agency to which it has delegated that function. Id. at 638-40.
There are many State statutes that authorize an agency to charge a specific fee or that delegate to the agency the setting of a fee for specific services or items. See, e.g., Annotated Code of Maryland, Corporations Associations Article, § 11-407(a)(1) (setting $250 registration fee for securities broker-dealer); Business Occupations Professions Article, § 4-303 (authorizing State Board of Barbers to charge examination fee "not to exceed the cost" of the examination); Health-General Article, § 19-111 (authorizing the Maryland Health Care Commission to determine and assess fees against hospitals and others).
On occasion, the Legislature's consent may not be express, but rather implicit in a statutory scheme. See Benson, 389 Md. at 640 (legislative assent to prison telephone commission charge found in statutory reference to use of "profits . . . from . . . telephone commissions"); 76 Opinions of the Attorney General 95, 98-100 (1991) (legislative record revealed General Assembly's awareness and assent to fees charged for Medevac helicopter transports).
2. Lack of Authorization in Criminal Statues
As noted above in the description of the pretrial discovery rules, no statute authorizes the prosecution to charge a fee in *Page 144 
connection with discovery.[9] Nor are we aware of any implicit assent of the Legislature to the assessment of fees for discovery mandated by the court rules.
3. Charging for Copies of Tangible and Electronic Materials byAgreement
The criminal discovery rules appear to contemplate that the prosecution will provide the defense with copies of certain discovery materials, but not necessarily of all materials. For example, in the circuit court, the discovery rule provides that, in the absence of an agreement between the parties, the prosecution is to provide the defense with copies of all written materials. See Rule 4-263(k)(2). On the other hand, the rule specifies that the prosecution must provide a list of materials in other formats and "a statement of the time and place when these materials may be inspected, copied and photographed." Id. Although the rule is not explicit, it appears to contemplate that the party receiving discovery will bear the burden of making copies of discovery materials that are not in written form. Of course, this process may be varied by agreement under Rule 4-263(k)(1). Under such an agreement, a prosecutor might provide copies of electronic evidence on CD or DVD without need for the defense to appear at a particular time and place to make the copies itself. In return for that convenience, the defense would pay the cost of the copies.
4. Legislative Assent in the Public Information Act
In other circumstances involving the inspection and copying of records in the custody of State agencies, the Legislature has authorized agencies to charge fees for responding to requests under the Public Information Act ("PIA"), Annotated Code of Maryland, State Government Article ("SG"), 10-611 et seq.; see 81 Opinions of the AttorneyGeneral 154 (1996) (discussing fees charged by *Page 145 
State's Attorney for fulfilling PIA requests of inmates). In particular, agencies are authorized to charge a "reasonable fee," which is defined to mean a fee "bearing a reasonable relationship to the recovery of actual costs incurred by a governmental unit." SG § 10-621(a).[10]
While the PIA contemplates formal written requests invoking the statute, it also authorizes agencies to respond to record requests without requiring a written request. SG § 10-614(a)(2).
The provision of records required by the criminal discovery rules is quite distinct from the provision of records under the PIA. See Faulk v.State's Attorney for Harford County, 299 Md. 493, 508-10, 474 A.2d 880
(1984) (PIA may not be used by defendant to "effectively expand Maryland's substantive criminal discovery rules"). Thus, the authorization to charge fees for responding to a PIA request would not apply to discovery mandated by the court rules. However, to the extent that an agency complies with a defense request for copies of records or items that is not part of the discovery process, the agency may charge a fee pursuant to the PIA that is reasonably related to the cost of making those copies.
5. Summary
In sum, we can find no basis for the prosecution to charge a fee for written discovery materials that are produced under the criminal discovery rules. However, to the extent that the rules only require that materials be made available for copying by the adverse party, the prosecution may make copies as an accommodation to the defense and recover the cost of that copying. In addition, to the extent that the defense obtains materials from an agency outside the discovery process, the agency may assess the reasonable cost of gathering and copying such materials under the PIA or any other applicable statute.
B. Whether the Office of the Public Defender May be Charged aFee
Assuming that a prosecutor or other agency may charge a fee for at least some of the materials provided to a criminal defendant, is the Public Defender obligated to pay such a charge? In your request for this opinion you suggested that the Public Defender *Page 146 
should be excepted from any fee for discovery in criminal cases because it represents indigent defendants.
1. State's Duty to Provide Indigent Defendant with Resources forDefense
The State has an obligation to provide an indigent defendant with the necessary resources for the defense of criminal charges. See Ake v.Oklahoma, 470 U.S. 68, 76-77 (1985) (under the Fourteenth Amendment the State "must take steps to assure that the defendant has a fair opportunity to present his defense" including "access to the raw materials integral to the building of an effective defense"). However, that obligation is owed to the indigent defendant, not to the Public Defender. Indeed, the Public Defender is a State entity through which the State satisfies that obligation. Whether fees properly imposed by other agencies in the course of a criminal case are charged to the Public Defender or waived and absorbed by the charging agency is a matter of State budgetary administration, not a constitutional mandate.Cf. 59 Opinions of the Attorney General 671 (1974) (sheriff should waive fee for service of summons on behalf of defendants represented by Public Defender when no funds for such fees had been included in budget of the Public Defender).
2. Resources Provided through the Public Defender
In creating the Public Defender, the General Assembly stated that "[i]t is the policy of the State to . . . provide for the realization of the constitutional guarantees of counsel in the representation of indigent individuals, including related necessary services andfacilities, in criminal and juvenile proceedings in the State." CP § 16-201(1) (emphasis added). Thus, the Public Defender is the vehicle through which the State satisfies its obligation to provide representation "including related necessary services" such as copies of discovery materials. See Moore v. State, 390 Md. 343, 374, 889 A.2d 325
(2005) (holding that the Public Defender's obligation to pay for expert assistance and ancillary services for indigent defendants extends only to defendants represented by the Public Defender or by a panel attorney); State v. Miller, 337 Md. 71, 81, 651 A.2d 845 (1994) (Public Defender was created to provide the necessary resources for an indigent criminal defendant and to act as a "`gatekeeper' who ensures that those resources are not wasted or abused"). *Page 147 
In Gorman v. State, 67 Md. App. 398, 406-7, 507 A.2d 1160 (1986), the Court of Special Appeals, referring to the Public Defender law, noted that "the pertinent Maryland law authorizes the public defender to pay an indigent's `expenses,' which, by definition, include `all costs incident to the investigation (and) other pretrial preparation.'"[11]
It also noted that the projected cost of the Office of the Public Defender had involved an estimate of a variety of expenses, including photocopying costs. Id.[12]
Transcripts, and presumably trial preparation materials as well, are not obtained by the Public Defender as the agent of the indigent defendant, but rather as part of "the discharge of the statutory and constitutional obligations imposed and assumed by the State [under the Public Defender statute]." Levene v. Antone, 301 Md. 610, 622,484 A.2d 259 (1984) (holding that indigent defendant represented by the Public Defender did not have a property right in trial transcript).
3. Summary
The State has a constitutional obligation to provide an indigent defendant with the resources, including pretrial discovery materials, reasonably necessary for the defense of a criminal case. The State may choose to fulfill that obligation through the personnel, including panel attorneys, and resources of the Public Defender. *Page 148 
 III Conclusion
In our opinion, the prosecution may not charge a criminal defendant for the cost of providing access to, or copies of, written discovery provided pursuant to the Maryland Rules. An agency may charge for copying discovery materials as an accommodation to a defendant when the rules do not require that the party making discovery provide a copy. In addition, an agency may charge for providing materials outside the discovery process pursuant to the PIA.
To the extent that fees may be charged by the prosecution, the Public Defender is not necessarily entitled to a waiver of those fees. The State has a constitutional obligation to cover the reasonable expenses associated with the defense of an indigent person — such as a client of the Public Defender. However, that obligation, like the obligation to provide counsel for such defendants, may be satisfied through the payment of those costs from the resources of the Public Defender, which is itself an independent State agency.
Robert N. McDonald Chief Counsel Opinions and Advice
[1] This opinion responds to your inquiry with respect to discovery in criminal cases. In your request for this opinion, you also mentioned fees charged for discovery in civil cases, although it was not clear what types of cases you were alluding to. The analysis with respect to fees in civil cases would be similar to the analysis in this opinion, but would require consideration of the discovery rules governing the particular proceedings, the law governing the agency assessing the fee, and other factors. We would be happy to undertake that analysis if you could provide additional detail about the types of civil proceedings and the nature of the charges for discovery in those proceedings.
[2] Effective October 1, 2008, the statutes governing the Office of the Public Defender were removed from former Article 27A and recodified to the Criminal Procedure Article. Chapter 15, Laws of Maryland 2008.
[3] Such matters include post-conviction proceedings, proceedings involving children in need of assistance under Courts Judicial Proceedings Article, § 3-813, certain adoption and guardianship proceedings, and "any other proceeding in which confinement under a judicial commitment . . . may result." CP § 16-204(b).
[4] These rules were recently amended by the Court of Appeals.See Rules Order adopting new versions of Maryland Rules 4-262,4-263 (April 8, 2008), 35:9 Md. Reg. 884 (April 25, 2008). We analyze your question solely with reference to the current discovery rules and do not assess past practices under prior versions of those rules.
[5] This provision was significantly broadened in the recent revision of the discovery rules. See Supplement to the 158th
Report of the Standing Committee on Rules of Practice and Procedure (March 25, 2008), Appendix C at p. 6.
[6] The prosecution is to make its disclosures within 30 days after the initial appearance of the defendant or the first appearance of counsel, whichever is earlier. Rule 4-263(h)(1). The defense is to make its disclosures at least 30 days before the first scheduled trial date. Rule 4-263(h)(2).
[7] If the parties agree upon the process, they are to file a statement of their agreement with the court. Rule 4-263(k)(1).
[8] A provision of the State Constitution provides for removal of a State's Attorney who "receives any other fee or reward other than such as is or may be allowed by law. . . ." Maryland Constitution, Article V, § 9. However, it appears to be a remnant of an era when the State's Attorney was compensated directly from fees collected rather than from a statutory salary. Friedman, The Maryland State Constitution (2006) at pp. 193-94; see also Maryland Constitution, Article XV, § 1 (individuals holding constitutional offices required to account for funds received in excess of amount set by law for compensation and expenses); Mayor andCity Council v. O'Conor, 147 Md. 639, 128 A. 759 (1925) (excess fees received by State's Attorney and paid over to State Treasurer could only be expended pursuant to an appropriation).
[9] Court costs are to be assessed against a defendant who is convicted or receives probation before judgment. Rule 4-353; seealso Annotated Code of Maryland, Courts Judicial Proceedings Article, § 7-409 (requiring the imposition of additional court costs on defendants convicted of certain enumerated crimes). However, it is our understanding that such costs typically would not include the prosecution's cost of providing discovery or making copies of discovery materials. In any event, the assessment of court costs comes at the conclusion of the case, not during pretrial discovery.
[10] A custodian of government records may choose to waive a fee if the custodian determines that a waiver "would be in the public interest." SG § 10-621(e).
[11] Before the recent non-substantive code revision of the statute governing the Public Defender, the statutory language made clear that expenses associated with pretrial discovery were ordinarily to be paid from the Public Defender's budget. In particular, the term "expenses" was defined to include "all costs incident to investigation, otherpretrial preparation, trial and appeal of a person accused of a serious crime." Former Article 27A, 2(g) (emphasis added). "Expenses" of the Public Defender were to be provided in the State budget. Id., § 3(e). The recodified statute similarly provides that the "expenses" of the Public Defender's Office "shall be in accordance with the State budget", but does not further describe the scope of those expenses. CP § 16-203(g).
[12] In Gorman, a defendant sought a new trial on the ground that he had been unable to obtain the presence of a particular witness because he lacked the funds to bring the witness to Maryland and that the State had violated its obligation under Ake v. Oklahoma to provide for the reasonable costs of his defense. However, the appellate court rejected that contention, in part, because there was no showing that the Public Defender lacked the necessary funds for transportation costs.67 Md. App. at 403-7. *Page 149